UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 20 PM 3: 17

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JASON ZABADY, DAVID DAY, SHANONDA NELSON, and MARION CALIFANO | * * * * | CIVIL ACTION NO.: **06-3219** |
| VERSUS | * * * | SECTION: **SECT. J MAG. 4** |
| | * | MAGISTRATE: |
| ENTERPRISE LEASING COMPANY, INC. and ENTERPRISE RENT-A-CAR COMPANY | * * * | COLLECTIVE ACTION - JURY TRIAL REQUESTED |

## COLLECTIVE ACTION PURSUANT TO §216(b) OF THE FAIR LABOR STANDARDS ACT FOR UNPAID OVERTIME, LIQUIDATED DAMAGES AND ATTORNEY FEES

The Complaint of plaintiffs, Jason Zabady, David Day, Shanonda Nelson, and Marion Califano, individually and on behalf of all others similarly situated, respectfully allege as follows:

### DESCRIPTION OF THE PARTIES

1.

Plaintiffs herein are:

A) JASON ZABADY, a major individual, domiciled at 406 Orrs Bridge Road, Camp Hill, Pennsylvania, 17011, who, at all pertinent times, was employed as an Assistant Manager by defendants at one of its United States locations;

B) DAVID DAY, a major individual, domiciled at 2989 Pine Forest Drive, Palm Harbor, Florida, 34684, who, at all pertinent times, was employed as an Assistant Manager by defendants at one of its United States locations;

C) SHANONDA NELSON, a major individual, domiciled at 750 Racetrack Road,

Fee $350.
Process____
X Dktd____
CtRmDep____
Doc. No.____

#305-115, Fruit Cove, Florida, 32259, who, at all pertinent times, was employed as an Assistant Manager by Defendants at one of its United States locations;

D) MARION CALIFANO, a major individual, domiciled at 13455 Locust Hill Drive, Gulfport, MS, 39503, who, at all pertinent times, was employed as an Assistant Manager by Defendants at one of its United States locations.

2.

Defendants herein are:

A) ENTERPRISE RENT-A-CAR COMPANY, a foreign corporation, domiciled at 600 Corporate Park Drive, St. Louis, MO, and which can be served through its agent for service of process, CT Corporation Systems, 8550 United Plaza Boulevard, Suite 504, Baton Rouge, Louisiana;

B) ENTERPRISE LEASING COMPANY, INC., a foreign corporation, domiciled at 1209 Orange Street, Wilmington, Delaware, and which can be served through its agent for service of process, CT Corporation Systems, 8550 United Plaza Boulevard, Suite 504, Baton Rouge, Louisiana;

3.

Defendants, Enterprise Rent-A-Car Company and Enterprise Leasing Company, Inc., individually and/or jointly and/or through subsidiary entities owned, operated and controlled solely by defendants, operate hundreds of retail rental car establishments throughout the United States of America and within the jurisdiction of this Honorable Court.

4.

Defendants are privately held corporations and are not traded on any stock exchange.

## JURISDICTION AND VENUE

5.

This Court is vested with jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* Venue is proper in this district under 28 U.S.C. §1391(b) and (c) as defendants operate numerous retail business establishments within the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

6.

All of the rental car establishments operated by defendants are engaged in the rental of vehicles to customers. All of defendants' stores are operated in much the same manner and employ personnel in various positions, specifically including assistant managers.

7.

Plaintiffs, and all others similarly situated, are current or former assistant managers who have been employed by defendants from June 20, 2003 through the present. Defendants, Enterprise Rent-A-Car Company and Enterprise Leasing Company, Inc., at all relevant times, are employers as defined in 29 U.S.C. §203(d).

8.

At all relevant times, Enterprise Rent-A-Car Company and Enterprise Leasing Company, Inc. were enterprises in commerce, or in the production of goods for commerce, as defined by 29 U.S.C. §203(s)(1), and have an annual gross volume of sales from its operations in excess of $500,000.00.

9.

Defendants' stores are staffed by personnel in various positions, including, but not limited to, a store manager, assistant manager, car prep, manager trainee, manager's assistant, and, in certain circumstances, other employees. Of these positions, only the store managers and assistant managers are classified as exempt from the overtime requirements of the FLSA and are paid a salary. All other employees are paid hourly. As assistant managers, plaintiffs, and other similarly situated assistant managers, were, as a matter of routine, required to perform non-exempt job duties such as washing cars, delivering cars, picking up and delivering customers, and working the counter. These assistant managers customarily and routinely worked the majority of their day performing non-exempt and non-managerial functions.

10.

Plaintiffs, and other assistant managers, had virtually no discretion in the operations of the store. Enterprise Rent-A-Car Company and Enterprise Leasing Company, Inc., for example, did not allow assistant managers to hire, fire, or make personnel decisions. Further, defendants did not allow assistant managers any discretion in determining what vehicles to rent, the price for rentals, advertising, or inventory of cars.

11.

All assistant managers are required to follow, in precise detail, the pre-printed paperwork, forms, policies and procedures for operation of the rental car establishment. The job of assistant manager requires virtually no actual management of employees or exercise of any discretionary function.

12.

The assistant managers are directly supervised by the store managers and other higher

level managers.

13.

Defendants require all assistant managers to work in excess of 40 hours per week. Most assistant managers work between 45 and 55 hours per week. Generally, the rental car facilities are not adequately staffed. The store manager is required to limit the number of hours worked each week by non-exempt support staff. The assistant manager is therefore required to work in jobs which are non-managerial and normally performed by non-exempt workers.

14.

Defendants intentionally misclassified the job position of assistant manager as exempt from the overtime provisions of the Fair Labor Standards Act when, in fact, it is a non-exempt position. Plaintiffs specifically allege that the misclassification is a knowing and intentional violation of the Fair Labor Standards Act and is designed to avoid payment of overtime to assistant managers who never received compensation for hours worked in excess of 40 per week.

15.

Plaintiffs specifically allege that the practice and policy of defendants in misclassifying assistant managers as exempt from the FLSA is uniformly applied throughout the United States by defendants to all assistant managers at all of its retail establishments.

16.

Assistant managers are compensated by virtue of a salary and a bonus. The combined total pay of salary and bonus, when reduced to a weekly amount, thus constitutes the regular rate of pay for a 40 hour work week for assistant managers. All plaintiffs and opt-in collective action members are entitled to time and a half for each hour worked in excess of 40, computed at their regular rate of pay.

## COLLECTIVE ACTION UNDER §216(b)

17.

This is a collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime wages, penalties, liquidated damages, costs and attorney fees.

18.

In addition to the named plaintiffs herein, there are thousands of other similarly situated current or former assistant managers employed by defendants between June 20, 2003 and the present who where similarly situated to named plaintiffs, denied overtime pay, worked in excess of 40 hours per week for no additional compensation, and were misclassified as exempt from the overtime provisions of the FLSA.

19.

Named plaintiffs are, in fact and in law, similarly situated to the other potential collective action members.

20.

These similarly situated employees should be notified of, and allowed to opt in to, this action pursuant to 29 U.S.C. §216(b) for purposes of adjudicating their claims, as set forth herein.

21.

This civil action should be judicially recognized as a collective action and this Honorable Court should find that all assistant managers are similarly situated for purposes of maintaining a collective action pursuant to §216(b) of the FLSA.

## DAMAGES

22.

Plaintiffs, individually and on behalf of all other assistant managers who are similarly situated and employed during the relevant time period, are entitled to all unpaid overtime wages for each and every hour worked in excess of 40 hours per week.

23.

Plaintiffs specifically allege that defendants knowingly violated the FLSA and, as such, plaintiffs, and all other similarly situated assistant managers, are entitled to liquidated damages and an award of attorney fees, all as set forth in the FLSA, with costs and interest as allowed by law.

WHEREFORE, plaintiffs, individually and on behalf of other similarly situated assistant managers, request that this Honorable Court, after due consideration, judicially recognize this proceeding as a collective action pursuant to §216(b) of the FLSA, require Enterprise Rent-A-Car Company and Enterprise Leasing Company, Inc. to provide plaintiffs with the names and addresses of all potential opt-in collective action members who have been employed by Enterprise Rent-A-Car Company and Enterprise Leasing Company, Inc. from June 20, 2003 through the present, within the United States, approve and authorize dissemination of notice to all potential collective action members advising them of the nature of this claim and their right to opt in to this lawsuit, and, after due proceedings had, that plaintiffs, individually and on behalf of all similarly situated individuals, be awarded all unpaid overtime pay, liquidated damages, with interest as allowed by law, attorney fees and costs.

Plaintiffs hereby request trial by jury on all issues herein.

Respectfully submitted:

SAM L. BRAND, JR.
Attorney at Law
P.O. Box 24296
Jackson, MS 39201
Telephone: 601/352-1243

-and-

Michael T. Tusa, Jr.
MCCRANIE, SISTRUNK, ANZELMO, HARDY,
 MAXWELL & MCDANIEL, P.C.
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: 504/846-8427

-and-

BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: 225/925-5297

By: _____
Philip Bohrer
Bar Roll No.: 14089
Scott E. Brady
Bar Roll No.: 24976