UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON ZABADY, ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-3219 |
| ENTERPRISE LEASING COMPANY, INC. AND ENTERPRISE RENT-A-CAR COMPANY | SECTION: "J" (4) |

### ORDER AND REASONS

Before the Court is defendant's **Motion To Dismiss.** (Doc. 24.) The motion is opposed. (Doc. 27.) For the following reasons, the Court finds that the Motion should be granted as to Enterprise Leasing Company and denied as to Enterprise Rent-A-Car Company.

### BACKGROUND

Plaintiffs have filed a collective action under the Fair Labor Standards Act against Enterprise Leasing Company and Enterprise Rent-A-Car Company. Plaintiffs worked for various regional or local Enterprise offices. Each of these offices is

apparently a subsidiary of the parent corporation Enterprise Rent-A-Car Company located Missouri ("ERAC-Missouri"). Plaintiffs allege that they were improperly categorized as salaried employees and denied overtime pay.

The Complaint identifies defendant Enterprise Leasing Company as domiciled in Delaware with CT Corporation Systems in Baton Rouge as its Louisiana agent for service of process.(Doc. 1 ¶ 2.) The Complaint identifies defendant Enterprise Rent-A-Car Company as domiciled in Missouri with the same Louisiana agent for service of process. *Id*. Plaintiffs served CT Corporation Systems in Baton Rouge for both defendants.

Two entities have filed a joint notice of corporate disclosure and a joint motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, and 12(b)(3) for improper venue. The Enterprise Leasing Company that has moved for dismissal appears to be the defendant named in the complaint. It is domiciled in Delaware has appointed CT Corporation Systems as its Louisiana agent for service of process. However, the Enterprise Rent-A-Car Company that has moved for dismissal is a subsidiary company domiciled in Delaware ("ERAC-Delaware"), not the parent company ERAC-Missouri, as named in the complaint.

ERAC-Missouri has no agent for service of process in

Louisiana and has never been served with the Complaint.[1]

## ARGUMENTS

Enterprise Leasing and ERAC-Delaware have come forward with evidence that they transact no business, have no employees, and never employed any of the plaintiffs in this case. Based on these facts, they argue that plaintiffs' injuries are not fairly traceable to them, so plaintiffs lack standing. They argue that they have never acted in Louisiana, so they are not subject to personal jurisdiction here. Finally they argue that venue is improper in this district because no personal jurisdiction exists.

Plaintiffs argue that the various subsidiaries are all one interconnected company and so the actions of the various subsidiaries are attributable to defendants. Plaintiffs point to the website and advertisements of Enterprise in support of this contention. Plaintiffs' arguments explicitly assume that they have sued the parent corporation.

---

[1] However, the affidavit of the secretary of all three Enterprise entities, Mark I. Litow, attached to defendants' motion, demonstrates that ERAC-Missouri is aware of the suit.

3

## DISCUSSION

It is clear that plaintiffs intended to sue the Enterprise parent corporation domiciled in Missouri, but were confused by the existence of a Delaware subsidiary corporation with the same name, with its principal place of business in Missouri, and with a registered agent for service of process in Louisiana.

Plaintiffs bear the burden of establishing the court's jurisdiction over nonresident defendants. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The Court agrees with defendants that plaintiffs have failed to come forward with evidence to meet their burden of proving personal jurisdiction over Enterprise Leasing Company and ERAC-Delaware in Louisiana. The only contacts with Louisiana that are attributable to these two subsidiaries are apparently their registration with the Secretary of State and appointment of an agent for service of process. "Plaintiffs' [sic] cite no case and this Court has found none that supports the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction." *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992). Plaintiffs' claims do not arise out of Enterprise Leasing's or ERAC-Delaware's registration with the Secretary of State or

appointment of an agent for service in the state. Therefore the connection among the defendants, the forum, and the litigation that is necessary for specific jurisdiction is also lacking. *See Heliocopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

However, this does not mean the suit should be dismissed. The Court reads the Complaint liberally and, consistently with plaintiffs' arguments, considers the parent corporation ERAC-Missouri to be the true defendant in this case, not ERAC-Delaware. Plaintiffs properly identified the parent corporation as a domicile of Missouri, but incorrectly identified the agent for service of process. Thus, the defect in plaintiffs' suit is one of service on an improper party. The proper party ERAC-Missouri has not been served and is not yet before the Court. Federal Rule of Civil Procedure 4(m) affords this Court the authority to extend the time for plaintiffs to effect service on, or obtain a waiver from, the defendant. Plaintiffs should serve ERAC-Missouri in accordance to Federal Rule 4(e) or obtain a waiver of service. ERAC-Missouri is free to object on jurisdictional or venue grounds after it is served or has waived

service.[2] The Court will decide the merits of any further arguments when the proper defendant makes them.

## CONCLUSION

This Court does not have personal jurisdiction over Enterprise Leasing Company. Plaintiffs sued ERAC-Missouri, but served ERAC-Delaware. ERAC-Delaware is not a party in this suit, so its motion to dismiss cannot be granted. ERAC-Missouri is the intended defendant, but it has not been served and has not filed a motion in this Court, so it will not be dismissed.

Accordingly,

**IT IS ORDERED** that defendant's **Motion To Dismiss** (Doc. 24) is **GRANTED** in part. The claims against defendant Enterprise Leasing Company are **DISMISSED** without prejudice for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that defendant's **Motion To Dismiss** (Doc. 24) is **DENIED** in part. The claims against defendant Enterprise Rent-A-Car Company are not dismissed as that party has not yet been served and has not joined the Motion to Dismiss.

**IT IS FURTHER ORDERED** that plaintiffs shall file with the Court a proof of service on or waiver of service from defendant

---

[2] The Court encourages this defendant to voluntarily waive service so that additional resources are not unnecessarily expended by the parties.

Enterprise Rent-A-Car Company, the parent corporation domiciled in Missouri, not the subsidiary corporation domiciled in Delaware, within forty-five (45) days of the entry of this order.

New Orleans, Louisiana this the 11th day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE